### No. 3292

### Second Circuit

---

### DINNAT v. SUCCESSION OF B. T. LEWIS

---

(June 28, 1928.   Opinion and Decree.)
(July 14, 1928.   Rehearing Refused.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Executors and Administrators—Par. 164.**

Charges by a hospital for the use by a patient of a bedroom, the operating room, and a wheel-chair, and for drugs and dressings, and laboratory service, are for "expenses of the last illness" within contemplation of section 3 of Article 3252 of the Civil Code and, as such, entitled to the privilege conferred by that article and section.

2. **Louisiana Digest—Privilege—Par. 2, 3.**

Privilege will be neither created nor destroyed by judicial construction.

Succession of Beer, 12 La. Ann. 698.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by M. Dinnat against Succession of B. T. Lewis.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

K. Hundley, of Alexandria, attorney for plaintiff, appellant.

Hawthorn and Stafford, and J. L. Pitts, Jr., of Alexandria, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. The administrator of the Succession of B. T. Lewis, deceased, having placed the Baptist Hospital of Alexandria, La., on his tableau of debts and distribution as a creditor of the succession in the sum of $160.00 and classed its account as "expenses of the last illness" and accorded it the privilege conferred by Article 3252, section 3, of the Civil Code, M. Dinnat, a conventional mortgage creditor of the succession, opposed the homologation of the tableau on the ground that some, if not all, of the services charged for were not "expenses of this last illness."

On trial there was judgment dismissing the opposition and opponent has appealed.

## OPINION

As stated by counsel for appellant in his brief, the only question involved here is, whether the hospital bill for the last illness of the deceased is a privilege debt to be paid out of the proceeds of sale of property specially mortgaged by the deceased in preference to the mortgage debt.

Opponent, a special mortgage creditor of the deceased, contends that it is not. The District Court held that it was. The question is res novo and not without difficulty but we conclude that the judgment appealed from is right.

Article 3252 of the Civil Code provides:
"The privileges which extend alike to movables and immovables are the following:

\* \* \*

"3. Expenses of the last illness."

\* \* \*

Appellant cites Article 3202 of the Code:

"The expenses of the last sickness comprehend the fees of physicians and surgeons, the wages of nurses, and the price due to the apothecary for medicines supplied by him to the deceased for his personal use during his last illness."

and contends that it defines what are "expenses of the last illness" and that under its definition appellee's charges are not within the category.

In our opinion Article 3202 is not definitive but illustrative. This is shown, we think, in the use of the word "comprehend," which is used as the equivalent of "such as," and these latter words, when used to give some example of a rule, are never exclusive of other cases which that rule is made to embrace.

The Standard Dictionary gives as a definition of "comprehend," "to include; comprise; enclose; encompass."

Webster defines it as "to contain; to embrace; to include." "To take in or include; to take in by construction or implication; to comprise; to imply."

Opponent contends that the expenses of the last illness to which the law accords a privilege are necessary expenses and that the things charged for by appellee are luxuries.

Hospitals, because of their greater facilities for the treatment of the sick and wounded, have now become necessaries, and we do not think the use of a bedroom and the laboratory and the operating room and a wheel-chair and drugs and dressings —the things for which the hospital is demanding pay—are luxuries.

Opponent further contends that the services rendered to the deceased by the hospital were not continuous and that there-

fore all of them were not rendered during his last illness.

. The evidence shows Mr. Lewis' last illness continued from the time he was admitted to the hospital until he died. He underwent two operations, one a major and the other a minor one. The minor operation was intended to prepare him for the major one and was necessary for that purpose. The physician who attended the deceased in his last illness swore positively that the illness from which Mr. Lewis died was a continuous one.

. We therefore conclude that the services charged for by the Baptist Hospital were properly classed as expenses of the last illness and accordingly the judgment appealed from is affirmed.