BAILES, Judge.
Plaintiff, as assignee of an account owed by John Robinson, deceased, to Our Lady of the Lake Hospital in Baton Rouge, Louisiana, was awarded judgment against the Reverend Frank R. Winder in his capacity as executor of the succession of the decedent. Coupled with the money judgment in the amount of $1,034.26 against the defendant, was the recognition of a privilege against the succession property. The privilege so recognized is based on the court a quo’s finding that this debt represented an obligation of the last illness of the decedent under the terms of LSA-C.C. Articles 3191, 3199 and 3252.
At an appropriate time during the proceedings in the trial court and prior to trial on the merits, the sole legatee and heir of decedent, Joyce Faye Robinson Brewer, intervened in the interest of protecting the assets of the succession. The intervenor filed a peremptory exception of three years prescription to the action on this account.
The facts on which this controversy is based are not in dispute. Decedent, John Robinson, died in Our Lady of the Lake Hospital on June 11, 1952, having been admitted to the hospital about one month prior to that date. At the time of his demise, decedent’s account with the hospital amounted to $1,034.26, and consisted of charges for room and board, x-ray and laboratory services, drugs, dressings, oxygen, blood typing and transfusion charges. His succession was opened on June 23, 1952, and the executor qualified in April, 1958. On January 11, 1961, decedent’s account was assigned to plaintiff and this action was instituted against the succession the next day, or about eight and one-half years after Robinson’s demise. The executor filed a general denial to the plaintiff’s petition, however, the in- *357 tervenor, as stated supra, filed a plea of prescription of three years. The exception was overruled and on trial of the merits, judgment was rendered in favor of plaintiff.
The contention of the defendant-appellant is that the debt on which this suit is based is one which prescribed in three years, under LSA-C.C. Article 3538. Plaintiff-ap-pellee counters this argument with the assertion that expenses of the last illness, of which it contends this hospital bill is one, are removed from the category of ordinary debts subject to the prescription of Article 3538 by the force of Article 3191 and 3252, which places these debts in the special category of privileged debts, thereby exempting them from the liberative force of LSA-C.C. Article 3538. While this may be true, we find it is not necessary for us to reach the point of deciding this question because we find that hospital expenses such as incurred under the circumstances elucidated above do not represent last illness expenses for which a privilege is granted.
As countless courts before us have held and reported, a privilege, an extraordinary preference granted in derogation of rights common to all (see LSA-C.C. Article 3183), is subject to the rules of stricti juris interpretation. The operative effect of a privilege may never be extended by implication or analogy to any situation not explicitly and precisely contemplated by the statute creating it. This rule is stated in the Civil Code itself:
“Privilege can be claimed only for those debts to which it is expressly granted in this Code.” LSA-C.C. Article 3185.
Section 3, Chapter 3, Title XXI of that Code, LSA-C.C. Articles 3199 et seq., contains provisions defining the scope of the privilege granted by Article 3191 on all movables of the debtor for charges occasioned by his last illness. In its total import, the section limits, by definition, the rather broad category, “expenses of the last sickness.” LSA-C.C. Article 3200 defines “last sickness” in relation to chronic disease thereby narrowing the category, while Article 3201 thereof establishes a definite time limitation during which expenses of an illness resulting in death will be granted the privilege. Of particular interest is Article 3202, which states:
“The expenses of the last sickness comprehend the fees of physicians and surgeons, the wages of nurses, and the price due to the apothecary for medicines supplied by him to the deceased for his personal use during his last illness.” LSA-C.C. Article 3202.
Finally, LSA-C.C. Article 3204 broadens the category in one particular instance by granting the privilege on the expenses of the last sickness of a child of the debtor.
In reading these articles in pari ma-teria, as is proper and required in fixing the meaning of a provision of the Code, we conclude that the section, in unambiguous terms, establishes the precise scope of the privilege granted to secure preference in payment of the expenses of the last sickness. It provides explicitly for both the usual cases and the exceptions. Inasmuch as the section contemplates a complete and integral legal system for this privilege, subject incidentally to the rule of strict interpretation, we are of the opinion that LSA-C.C. Article 3202 circumscribes and encompasses each of the charges of the last sickness which are granted the privilege. This concept of expenses of the last illness applies with equal weight to the privilege granted by Article 3252 of the Civil Code, supra, which extends to movables and im-movables alike, and imposes the same limitations. The debt sought to be recognized herein as a privileged expense of the last illness cannot be so recognized because it is not included by positive and unequivocal statement in the definition of these expenses as expounded by Article 3202, supra.
Plaintiff, in its brief points up very forcefully the fallacy of its position in the inter *358 pretation of the statute creating privileges when it says:
“Although hospital charges and expenses are not specifically mentioned in the Civil Code articles creating these privileges, the articles have been broadened to include such charges. Dinnat v. Succession of B. T. Lewis, 1928 8 La.App. 820.:
This position, of course, puts us at odds with our learned brothers of the Second Circuit, who stated in their syllabus in the case of Dinnat v. Succession of Lewis, supra, that:
“Charges by a hospital for the use by a patient of a bedroom, the operating room, and a wheelchair, and for drugs and dressings, and laboratory service, are for ‘expenses of the last illness’ within contemplation of section 3 of Article 3252 of the Civil Code and, as such, entitled to the privilege conferred by that article and section.”
Though we agree with the supporting argument of that honorable court that “hospitals, because of their greater facilities for the treatment of the sick and wounded, have now become necessities,” Dinnat v. Succession of Lewis, supra, we do not feel that this fact warrants outright judicial legislation, which, moreover, is in direct opposition to the well established rules of intrepretation for such cases.
There remains one final question in this area, and that concerns the charge in the account for drugs administered by the hospital to decedent. Article 3202, supra, provides that “ * * * the price due to the apothecary for medicine supplied by him * * * ” is properly an expense of the last illness. By definition, “[a]n ‘apothecary’ regarded in the strictest sense of the word, is a person who prepares and sells drugs for medicinal purposes.” 28 C.J.S. Druggists § 1, c, page 499. Under this accepted and properly restricted definition we cannot find that a hospital which simply administers drugs from its prepared supplies is legally entitled to the privilege under consideration.
The question now becomes, has the debt sued on prescribed? Though we feel there is merit to appellee’s argument that the privilege conferred on expenses of the last illness is not subject to the fourth prescriptive provision of Article 3538 of the Civil Code, supra, regarding accounts of physicians, surgeons and apothecaries, the position is inapposite since we have found the debt to be an ordinary one. And, based on our consideration of the construction and meaning of Article 3202, supra, appellant’s contention that the fourth paragraph of Article 3538 of the Civil Code controls the case is likewise unconvincing since prescriptive provisions are in derogation of common rights and require the same strictness of construction as do the articles on privilege.
We do find, however, that the hospital account on which this suit is based is not judicially cognizable, for the action to enforce it has prescribed. The eighth paragraph of Article 3538 establishes a limitation of three years on an action to enforce an open account, the type which exists in the instant case. More than three years having elapsed between the death of John Robinson and the filing of this suit to enforce the obligation of the open account with the hospital against him, the action was barred by prescription and the trial court erred in overruling the exception based on this prescriptive limitation.
The judgment rendered below is reversed and set aside. Judgment is entered in favor of the defendant, the Reverend Frank R. Winder, executor of the estate of John Robinson, and the intervenor, Joyce Faye Robinson Brewer, and against the plaintiff, Pelican State Associates, Inc. All costs of this action are assessed against the plaintiff-appellee.
Reversed and rendered.
REID, J., recused.