219 So.2d 500

**PELICAN STATE ASSOCIATES, INC.,**

v.

**Reverend Frank R. WINDER, Executor of Estate of John Robinson.**

**No. 49,235.**

Feb. 24, 1969.

R. Paul Greene, Baton Rouge, for plaintiff-appellant.

William H. Cooper, Jr., Baton Rouge, for intervenor-appellee.

Edward W. Gray, Baton Rouge, for defendant-appellee.

FOURNET, Chief Justice.

This case is now before us on a writ of certiorari granted in accordance with Article 7, Section 11 of the Louisiana Constitution of 1921,[1] 252 La. 178, 210 So.2d 56, on the application of Pelican State Associates, Inc., pointing out that the judgment of the Court of Appeal for the First Circuit, in direct conflict with the decision of the Second Circuit in the case of Dinnat v. Succession of Lewis, 8 La.App. 820, reversed the judgment of the lower court that recognized the expenses incurred by the decedent in the month preceding his death while in Our Lady of the Lake Hospital to be expenses of last illness and as such, a privileged debt against the property of the estate removed from the category of ordinary debts subject to the prescription of LSA–Civil Code Article 3538. La.App., 208 So.2d 355.

The facts of this case are not in dispute and are as stated by the Court of Appeal, to-wit: "Decedent, John Robinson, died in Our Lady of the Lake Hospital on June 11, 1952, having been admitted to the hospital about one month prior to that date. At the time of his demise, decedent's account with the hospital amounted to $1,034.26, and consisted of charges for room and board, x-ray and laboratory services, drugs, dressings, oxygen, blood typing and transfusion charges. His succession was opened on June 23, 1952 and the executor qualified in April, 1958. On January 11, 1961, decedent's account was assigned to plaintiff and this action was instituted against the succession the next day, or about eight and one-half years after Robinson's demise. The executor filed a general denial to the plaintiff's petition." The sole heir and legatee, Joyce Fay Robinson Brewer, intervened pleading the prescrip-

1. "It shall be competent for the Supreme Court to require by writ of certiorari, or otherwise, any case to be certified from the Courts of Appeal to it for review * * *; provided, that where the application is based solely upon the ground that the decision of the question of law involved is in conflict with the jurisprudence of the Supreme Court or another Court of Appeal upon a question not yet decided by the Supreme Court, and it is found that such is the fact, then the application shall be granted as a matter of right * * *."

tion of three years under Civil Code Article 3538, which was overruled by the trial judge; and, after trial on the merits judgment was rendered in favor of plaintiff as prayed for.

It is apt to observe that the privilege accorded for expenses incurred during the last sickness of the deceased is especially recognized and granted on movables of the estate (LSA–Civil Code 3191),[2] as well as on both movable and immovables. (LSA–Civil Code 3252),[3] "The last sickness is considered to be that of which the debtor died; * * *" LSA–Civil Code 3199; and "The expenses of the last sickness comprehend the fees of physicians and surgeons, the wages of nurses, and the price due the apothecary for medicines supplied by him to the deceased for his personal use during his last illness." LSA–Civil Code 3202.

In resolving the identical issue presented for our consideration, i. e., that expenses incurred in a hospital for the last illness of the deceased not being specifically enumerated in article 3202 as an expense of last illness, is not within the scope of the definition and is, therefore, not a privileged

claim under articles 3191 and 3252, the Court of Appeal for the Second Circuit in Dinnat v. Succession of Lewis, supra, held, "In our opinion Article 3202 is not definitive but illustrative. This is shown, we think, in the use of the word 'comprehend,' which is used as the equivalent of 'such as,' and these latter words, when used to give some example of a rule, are never exclusive of other cases which that rule is made to embrace," pointing out, "The Standard Dictionary gives as a definition of 'comprehend,' 'to include; comprise; enclose; encompass.' Webster defines it as 'to contain; to embrace; to include.' 'To take in or include; to take in by construction or implication; to comprise; to imply'."

The Court of Appeal in reversing the judgment of the district court refused to follow the decision of the Second Circuit in the case of Dinnat v. Succession of Lewis, supra, holding, "The debt sought to be recognized herein as a privileged expense of the last illness cannot be so recognized because it is not included by positive and unequivocal statement in the definition of these expenses as expounded by Article 3202, * * *" and, therefore, found it

---

2. "The debts which are privileged on all the movables in general, are those hereafter enumerated, and are paid in the following order:
　　1. Funeral charges.
　　2. Law charges.
　　3. Charges, of whatever nature, occasioned by the last sickness, concurrently among those to whom they are due.
　　*　　*　　*　　*　　*."

3. "The privilege which extend alike to movables and immovables are the following:—
　　1. Funeral charges,
　　2. Judicial charges,
　　3. Expenses of last illness,
　　*　　*　　*　　*　　*"

was not necessary to decide whether such bills are exempt from liberative force of Article 3538 as held by the lower court, but concluded the debt was prescribed as "on all other accounts" under article 3538 inasmuch as more than three years had elapsed from the death of John Robinson and the filing of this suit.

■ While we agree with the conclusion of the court of appeal that plaintiff's claim is prescribed, for reasons hereinafter stated, we cannot agree with its conclusion that the claim under consideration here is not an expense of last illness.

■ We are in full accord with the view expressed in the opinion of the Court of Appeal that a privilege, being an extraordinary preference granted in derogation of rights common to all, is subject to the rule of stricti juris and that articles 3191, 3252 and all other related articles must be considered in pari materia in determining the scope of the privilege.

■ We think when reading all the pertinent articles above referred to it is clear that the redactors of our code intended to encompass and to include any necessary expense incurred during the last illness of decedent to be privileged debts subject only to specific limitations therein. See LSA–Civil Code Articles 3200, 3201. We, therefore, agree with the conclusion of the Second Circuit Court of Appeal in the Dinnat case that "article 3202 is not defini-tive but illustrative." We are supported in this conclusion by the unequivocal language in article 3191 which provides as one of the privileged debts on movables, "charges, *of whatever nature*, occasioned by the last sickness." (Emphasis added.)

The foregoing is not only consonant with the very words of article 3202 as demonstrated in the Dinnat case but is also in keeping with conditions of the times. The existence of hospitals as we know them today were few, if any, at the time of the adoption of our code. It is not strange therefore that it was omitted in the illustrative list comprehended as those of last illness. In other words, it is clear the redactors of our code did not intend to so limit the scope of the term "expenses of last illness" as to include only those listed in article 3202, but rather as pointed out hereinabove when considered in the light of the several pertinent articles it was intended to encompass and include any expense incurred during the last illness of the decedent except where specifically limited. It, therefore, follows that whatever charges may come about in this vast and complex cycle of our modern civilization and all its progressive ramparts in treating of the sick, it will be included within the privilege provided for as expenses of last illness. In fact, in this day and modern time we can think of no more logical service to be utilized for treating of the last illness than the hospitals with

the most modern and scientific equipment and where treatment that is needed is furnished by our leading technicians, surgeons and nurses as well as other services as x-rays, laboratory tests, oxygen, blood typing which are performed by either the physicians, nurses or their staff. Our redactors would have been short sighted indeed if they had failed to envision this progress for the future.

This brings up for consideration whether this claim is prescribed under LSA–Civil Code Article 3538 [4] as urged in intervenor's plea of prescription.

Counsel for plaintiff contends that the redactors of our Civil Code, while creating the privilege on the estate of the deceased for expenses of last illness, created in the same article other privileges to be paid in the order specified therein, but in establishing a prescriptive period for certain expenses and charges that are encompassed in the last illness they did not specifically prescribe a period for the expenses of last illness as a whole. However, counsel claims the courts have supplied the jurisprudence [5] which governs the subject, i. e., holding that such expenses are a privileged charge against the estate and so long as the estate is not settled, the heirs hold the property subject to such charge.

■■ While the appellate courts of this state are bound to follow decisions of this court, decisions of courts of other jurisdictions as well as those of courts of appeal of this state, while persuasive are not controlling on this court. A study and analysis of the several decisions of the courts of appeal relied upon by counsel (referred to in footnote 5) will readily disclose that they are not even persuasive as they are inapposite from a factual or legal standpoint, as in Succession of Holstun, supra, which held that sanitarium bills, as

4. "The following actions are prescribed by three years;

That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.

That for the payment of money lent.

That for salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter.

That of physicians, surgeons, and apothecaries for visits, operations and medicines.

That of parish recorders, sheriffs, clerks, and attorneys for their fees and emoluments.

That on the accounts of merchants, whether selling for wholesale or retail.

That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.

That on all other accounts.

This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced."

5. Counsel for plaintiff relies upon the cases of In re Ford's Succession, La.App., 91 So.2d 71, and Sanders v. Sanders, La. App., 85 So.2d 61, and a study of these cases show that the other pertinent cases in the development of this jurisprudence are Succession of Holstun, La.App., 141 So. 793, and Rochelle v. Russ, La.App., 54 So.2d 856.

privileged claims of expenses of last illness, need not be recorded in order to rank as a privileged claim and Rochelle v. Russ, supra, and Sanders v. Sanders, supra, which held the prohibition of admission of parol evidence to prove the debt of the decedent after 12 months did not apply to funeral charges and the latter case also held the three year prescription applicable to open accounts did not apply to funeral charges, and applied the common law theory foreign to Louisiana law announced in the Sanders case that "the usual statutes of limitation does not always apply to claims against the estate for matters arising after the death of decedent, as, for instance, for funeral expenses and costs of administration," as in In re Ford's Succession, supra, and wherein the theory was extended to apply to expenses of last illness.

■ While it is true that expenses of last illness are not listed as one of those actions that are barred by the prescription of three years under article 3538, a mere reading of the article will readily disclose that the redactors of our code in preparing a draft thereof and our law makers in adopting the same, while specifically listing certain actions, in their wisdom provided for a general cause to cover all such actions "on all other accounts" which encompasses the claim under consideration here. Consequently, by the extinction of the debt by prescription, the privilege, as an accessory thereto, becomes extinct also. LSA–Civil Code Article 3277.[6]

For the reasons assigned the judgment of the Court of Appeal is reinstated and made the final judgment of this court.

219 So.2d 504

**Rosann FAYARD**

v.

**Alma B. CELESTAN.**

No. 49483.

Feb. 24, 1969.

6. "Privileges become extinct:
    1. By the extinction of the thing subject to the privilege.
    2. By the creditor acquiring the thing subject to it.
    3. By the extinction of debt which gave birth to it.
    4. By prescription."