h STEWART, J.
The Orthopaedic Clinic of Monroe appeals from a judgment in this eoncursus proceeding awarding it $1,912.44 of the $7,114.00 it claims that it is owed. For the following reasons, we affirm.
FACTS
On March 10, 1999, plaintiff William Lewis was involved in a car accident with Brent Bennett. Mr. Bennett’s vehicle crossed the center line of Highway 80 in Ouachita Parish and hit Mr. Lewis’ vehicle head-on. Mr. Bennett was injured in the accident and incurred more than $50,000.00 in medical bills with various health care providers. On September 9, 1999, Mr. Lewis sued Bennett and his auto liability insurer, Louisiana Farm Bureau Insurance Company (Farm Bureau). Mr. Bennett’s auto liability policy had a limit of $25,000 per accident. State Farm, Mr. Lewis’ insurer, intervened in the action to recover some of the money it paid to Mr. Lewis under Mr. Lewis’ UM coverage, but later settled with the defendants and was dismissed.
On June 11, 2001, Farm Bureau filed a petition for a eoncursus proceeding. The petition named ten health care providers as defendants in addition to Mr. Lewis and was accompanied by payment of $25,000.00, plus interest in the amount of $3,132.46, into the registry of the court. The Orthopaedic Clinic of Monroe answered this petition stating that Lewis owed $7,114.00 for services provided and had paid none of this amount. The clinic further asserted that it had perfected a lien against Farm Bureau and Lewis pursuant to La. R.S. 9:4751 et seq. In support of this assertion the Clinic stated that it had attached two letters to its answer. In the record ^before this court, only a single letter from the Clinic appears. That letter, dated April 27, 1999, was directed to Mr. Lewis’ attorney, Chris Bowman, and states:
Dear Mr. Bowman:
In accordance with the provisions of Act 792 of the Regular Session of the Louisiana Legislature for 1990, the Orthopaedic Clinic ... does herewith notify the above party that William G. Lewis ... was injured on March 10, 1999. The Orthopaedic Clinic has furnished services and supplies to the above named injured party and does herewith notify all parties who are recipients of this letter that, in accordance with the above cited statute, it claims a privilege for its reasonable charges on the net amount the injured party may receive as a result of his injuries.
Sincerely,
The Orthopaedic Clinic
The letter does not bear a “c.c.” notation, and the certified mail receipt that accompanies the letter shows delivery only to Mr. Bowman. None of the other health care providers who answered the eoncur-sus petition filed any similar documentation.
On August 14, 2001, the court signed a judgment disbursing the funds from the insurer’s-payment and releasing the insurer and Bennett with prejudice. The Or-thopaedic Clinic was paid $1,912.44 and now appeals.
DISCUSSION
The Clinic asserts a single assignment of error, to wit:
The district court erred in the manner in which it distributed the funds on deposit as it failed to recognize the statutory privilege perfected by the Orthopaedic Clinic, which by law must be satisfied out of the funds on deposit before any health care provider which has not perfected the privilege may be paid.
*1105 | ¡¡The Clinic’s argument is grounded in the privilege created by La. R.S. 9:4752, which provides:
A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. The privilege of an attorney shall have precedence over the privilege created under this Section.
La. R.S. 9:4753 describes how the health care provider makes the privilege effective, and provides:
The privilege created herein shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person, the name and location of the interested health care provider, hospital, or ambulance service, and the name of the person alleged to be liable to the injured person on account of the injuries received, is mailed by the interested health care provider, hospital, or ambulance service, or the attorney or agent for the interested health care provider, hospital, or ambulance service, certified mail, return receipt requested, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions hereof, and shall not be defeated nor rendered ineffective as against any person that has been given such notice, because of failure to give such notice to all those persons named herein.
La. C.C. art. 3186 provides:
Privilege is a right, which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages.
l4Statutes which create liens or privileges are stricti juris and their provisions are to be strictly construed against the parties in whose favor the hens are created. Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500, 502 (1969); First National Bank of Commerce v. Williams, 98-0315 (La.App. 4th Cir.9/30/98), 719 So.2d 663, 665; Triangle Pacific Corporation v. National Building and Contracting Co., Inc., 94-0619, 94-0620 (La.App. 1st Cir.3/3/95), 652 So.2d 552; Rollette v. State Farm Mutual Automobile Insurance Company, 619 So.2d 832 (La.App. 1st Cir. 1993).
Although the letter from the Clinic to Mr. Lewis’ attorney named the injured person (Mr. Lewis) and the health care provider (the Clinic), the letter plainly does not contain “the name of the person alleged to be hable to the injured person on account of the injuries received.” In that regard the letter falls short of what is required by La. R.S. 9:4753 to effect the privilege. In parallel with the general rule that statutes creating privileges are strictly construed, courts are reluctant to enforce privileges when the privilege holder *1106 has failed to fully comply with the statute creating the privilege. Compare Bank of Bernice v. D’Arbonne Lake Lodge, 541 So.2d 354 (La.App. 2d Cir.1989) (contractor’s privilege rejected when contractor filed claim beyond 60 day period established by statute) and National Bank of Commerce in New Orleans v. Justice, 212 So.2d 711 (La.App. 4th Cir.1968) (contractor failed to comply with provision setting forth procedure for perfecting privilege).
The statute in this case is clearly written, and the Clinic’s attempt at notice under the statute fails to comply with the terms of the statute. ^Accordingly, the trial court did not err in awarding the settlement funds without regard to the Clinic’s claim of privilege.
CONCLUSION
For the above-assigned reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Orthopaedic Clinic of Monroe.
AFFIRMED.