STATE OF LOUISIANA
v.
JOSEPH RECILE
No. 2008 KA 1010.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
NOT DESIGNATED FOR PUBLICATION
HARRELL "BUTCH" WILSON, JAMES "DAVID" CALDWELL, JR., TERRI R. LACY, Attorney General Office of the Attorney General Counsel for Appellee, State of Louisiana, Baton Rouge, LA,
J. RODNEY, MESSINA, Baton Rouge, LA, FREDERICK KROENKE, Baton Rouge, LA, Counsel for Appellant Joseph Recile.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
The defendant, Joseph Recile, was charged by grand jury indictment with five counts of malfeasance in office and one count of theft over $500.00, violations of La. R.S. 14:134 and La. R.S. 14:67. (R. 26-28).[1] The defendant pled not guilty. (R. 3). After a bench trial, the defendant was found guilty as charged. (R, 16, 1372). As to each count, the defendant was sentenced to three years imprisonment at hard labor, to be served concurrently. The trial court suspended execution of the sentences. The trial court imposed three years of active supervised probation with general and special conditions, including payment of a two-thousand-dollar fine on each count, payment of court costs and fees, and six months home incarceration. (R. 18, 1378-79).
The defendant appealed his convictions and sentences. The defendant's counsel subsequently filed a petition to abate prosecution ab initio in this court, attaching a copy of the defendant's death certificate. Because the defendant died while the appeal was pending, the judgment of conviction must be vacated and all proceedings in the prosecution abated from its inception. See State v. Harvey, 94-0343 (La. 10/20/94), 644 So.2d 371 (per curiam); State v. Thorn, 438 So.2d 208 (La. 1983) (per curiam); State v. Morris, 328 So.2d 65, 67 (La. 1976). Accordingly, the appeal in this matter is dismissed, the judgment of conviction is vacated, and the case is remanded to the trial court with instruction to dismiss the indictment.

DECREE
For the foregoing reasons, we dismiss the appeal, vacate the conviction and remand with instruction.
APPEAL DISMISSED; CONVICTION VACATED; REMANDED WITH INSTRUCTION
CARTER, C.J., CONCURS AND ASSIGNS REASONS.
CARTER, C.J., concurring.
I respectfully concur with the opinion of the majority. During oral argument, counsel for the State objected to the petition for abatement filed in this court. Because of a pending, related civil proceeding, the State maintained that its rights would be prejudiced if this court were to vacate the defendant's judgment of conviction and abate all proceedings in the prosecution ab initio.
The Louisiana Supreme Court has clearly held that when a defendant dies while his suit is pending before a court of review "the judgment of conviction against him is vacated and all proceedings in [the] prosecution are abated from their inception." State v. Harvey, 94-0343 (La. 10/20/94), 644 So.2d 371, 371. Louisiana appellate courts are bound to follow Louisiana Supreme Court opinions. Pelican State Associates v. Winder, 253 La. 697, 706, 219 So.2d 500, 503 (La. 1969). It seems unfair to vacate the judgment of conviction and to abate all proceedings in the prosecution when such action may prejudice the State in a pending and related civil proceeding. However, as an intermediate appellate court we are constrained to follow the directives of the Louisiana Supreme Court; therefore, I respectfully concur.
NOTES
[1] The defendant was originallv charged with several other counts thai were dismissed. (R. 3, 30).