BONIN, J.,
dissents with reasons.
Iil respectfully dissent.
In order to find harmless error, “the court must be able to declare a belief that it was harmless beyond a reasonable doubt.” Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). “The inquiry ... is whether the guilty verdict actually rendered in this trial was surely unattributable to the error.” Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (italics in original). Because I cannot declare a belief that the error in disallowing the peremptory back-strike of an identified juror was harmless beyond a reasonable doubt and that the jury’s guilty verdicts were surely unattributable to the error, I would reverse Mr. Lewis’ convictions and remand for a new trial. I explain my reasoning in greater detail in the following Parts.
I
There is no question that the trial judge mistakenly prevented the defense from peremptorily back-striking a juror whom it identified to the trial judge. The law has been quite clear for some time that the trial judge has no discretion to restrict a defendant’s exercise of a peremptory challenge by back-striking. See La.C.Cr.P. art. 795 B(l); State v. Watts, 579 So.2d 931 (La.1991), and State v.Taylor, 93-2201, p. 22 (La.2/28/96), 669 So.2d 364, 376 (“In other words, peremptory challenges are exercisable at any time before the jury panel is sworn.”)
|;>The Louisiana Supreme Court requires us to review the trial judge’s violation of the defendant’s right to peremptorily back-strike a juror under the so-called “harmless error” rule. See Taylor, 93-2201, p. 26, 669 So.2d at 378 (holding, “we find that the verdict rendered was surely unattributable to any error that occurred in not allowing ‘back striking,’ and so qualifies as harmless.”) Despite my disagreement that this kind of error should be reviewed under harmless-error analysis, as a judge of an intermediate appellate court I am bound to follow our Supreme Court’s latest expression of the governing law. See Pelican State Associates, Inc. v. Winder, 253 La. 697, 706, 219 So.2d 500, 503 (1969), and Oliver v. Magnolia Clinic, Inc., 11-2132, p. 3 (La.3/13/12), 85 So.3d 39, 44. Also, panels of this court, applying the harmless-error rule, have refused to find reversible error when, as here, trial judges simply fail (for whatever reason) to afford the defendant the right to back-strike. See State v. Plaisance, 00-1858 (La.App. 4 Cir. 3/6/02), 811 So.2d 1172; State v. Hailey, 02-1738 (La.App. 4 Cir. 9/17/03), 863 So.2d 564; and State v. Stukes, 08-1217 (La.App. 4 Cir. 9/9/09), 19 So.3d 1233.
When we find error (as we have here) in the trial court, we may only reverse the conviction if the error affects a substantial right of the accused. See La.C.Cr.P. art. 921.
Interestingly, when a trial judge erroneously denies the defendant a challenge for cause and the defendant uses one of his peremptory challenges (and also exhausts all of his peremptory challenges), the Supreme Court concludes that a defendant’s substantial right has been violated, prejudice is presumed, and the error is reversible error. See State v. Cross, 93-1189, p. 6 (La.6/30/95), 658 So.2d 683, 686 (“Therefore, when a defendant uses all of his peremptory challenges, a trial court’s erroneous ruling depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, |srequiring reversal of the conviction and sentence.”) The principle that such error requires reversal of a conviction has been re-stated even after the Taylor decision. See, e.g., State v. Camp *1177 bell, 06-0286, p. 70 (La.5/21/08), 983 So.2d 810, 856; State v. Lindsey, 06-255 (La.1/17/07), 948 So.2d 105, 107; and State v. Juniors, 03-2425, p. 8 (La.6/29/05), 915 So.2d 291, 305 (“Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and a defendant has exhausted his peremptory challenges.”).[1]
Notably, the error constitutes reversible error even when the defendant is unable to show that he “was forced to accept an obnoxious juror.” See State v. McIntyre, 365 So.2d 1348, 1351 (La.1978). And the general rule is “an erroneous ruling of a trial judge which deprives a defendant of one of his peremptory challenges constitutes a substantial violation of a constitutional or statutory right requiring reversal of his conviction and sentence.” Id.
Curiously, the Taylor court, however, did not distinguish or explain the difference in the right which has been violated under the circumstance of an erroneous denial of challenge for cause from the circumstance of an erroneous denial of a peremptory back-strike challenge. Indeed, in the first circumstance there is only a possibility that an obnoxious juror has been seated; in this circumstance there is the actuality that an identified juror “obnoxious” to the defendant has been seated and has deliberated.
The authority cited by the Taylor court for reviewing the back-strike error for “harmless error” was State v. Johnson, infra, a case which did not involve jury selection at all, but rather the erroneous introduction of evidence of other crimes. Taylor, 93-2201, p. 26, 669 So.2d at 378. The Johnson court recognized the distinetion made Sullivan v. Louisiana between “trial error” and “structural error.” \4State v. Johnson, 94-1379, pp. 14-15 (La.11/27/95), 664 So.2d 94, 100-101. Under Sullivan, the Johnson error would be classified as a “trial error,” which is the type of evidentiary error that is clearly subject to harmless-error review. “Structural error,” however, “is one which affects the framework within which the trial proceeds.” Johnson, pp. 14-15, 664 So.2d at 101, citing to Arizona v. Fulminante, 499 U.S. 279, 307-311, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The Taylor court did not at all consider whether interfering with jury selection is more akin to a “structural error.”
Fulminante, explaining Chapman, pointed to violations which are not subject to harmless-error analysis and review. Fulminante, 499 U.S. at 309-310, 111 S.Ct. 1246. These include the total deprivation of the assistance of counsel or a trial judge who is not impartial. Id. “These are structural defects in the constitution of the trial mechanism, which defy analysis by ‘harmless-error’ standards.” Id. at 309, 111 S.Ct. 1246 (emphasis added).
The back-striking error, as much as the Cross-error, goes to the issue of how the jury as fact-finder or decision-maker is constituted. Thus, it seems to me, that this kind of error should not be subject to harmless-error analysis at all, and just as with the Cross-error, we should presume prejudice to the defendant under these circumstances.
II
The right to full voir dire and peremptory challenges are constitutionally protected *1178 in our state. See La. Const, art. I, § 17. At the outset, I acknowledge that the right to peremptory challenges is neither absolute nor protected by the federal constitution, see Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and it may be waived or forfeited. Here, however, there is no Batson challenge, no waiver, and no forfeiture.
IsNotably, the coupling of full voir dire and peremptory challenges reveals the insistent preference of the drafters of our state constitution to diminish sanctioned interference by a trial judge in the parties’ selection (or exclusion) of jurors in criminal trials. At the time of the adoption of our 1974 constitution, the United States Supreme Court had observed that “[t]he voir dire in American trials tends to be extensive and probing, operating as a predicate for the exercise of perempto-ries.” Swain v. Alabama, 380 U.S. 202, 218-219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).[2] “The persistence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury.” Id. at 219, 85 S.Ct. 824. “The denial or impairment of the right is reversible error without a showing of prejudice.” “[F]or it is, as Blackstone says, an arbitrary and capricious right, and it must be exercised with full freedom, or it fails of its full purpose.” Id. See also Lewis v. United States, 146 U.S. 370, 376-377, 13 S.Ct. 136, 36 L.Ed. 1011 (1892).
“The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court’s control.” Swain, 380 U.S. at 220, 85 S.Ct. 824 (emphasis added). When during questioning by another delegate to the constitutional convention on the draft of section 17, delegate Chris Roy, a prominent trial lawyer, explained that the voir dire process allowed to both see and hear a prospective juror’s responses “so that you can maybe determine any prejudice for which you would want to challenge him. You know just for peremptorily, just say T don’t want you because he kind of snickered when he answered or something.’ ” Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, Yol. 7, 44th Days Proceedings — September 8,1973.
When a trial judge, without any lawful basis, controls a defendant’s timely exercise of a peremptory 1 ^challenge, the constitutional protection of peremptory challenges fails in its purpose. The most extensive voir dire is rendered meaningless when the defendant cannot exercise his peremptory challenge. In a different context, the United States Supreme Court has noted that “[t]he difficulties of inquiring into actual bias, and the fact that the inquiry is often a private one, simply underscore the need for objective rules.” Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 883, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009).
The majority opinion, however, ironically concludes that the trial judge’s deprivation of Mr. Lewis’ peremptory challenge of the identified juror is harmless because Mr. Lewis cannot establish that the juror could have been excused for “cause.” Much of the explanation focuses on the objected-to juror’s responses during voir dire. I agree, of course, that there was no legal basis to challenge the juror for cause, which is undoubtedly why the defense sought to peremptorily challenge the juror. How ironic a “requirement” that would require establishing “cause” for a *1179 challenge in order to show that an error associated with a peremptory challenge is not harmless. The majority opinion even seems to go so far as to second-guess the defense’s decision to peremptorily challenge this particular juror; under the circumstances of this case, a judge (or panel of judges) really has no right to substitute its judgment about the peremptory challenge of a juror.
The majority opinion also seems to quantify the effect of this objected-to juror. The majority notes that the objectionable juror’s verdict was not necessary to the conviction on the count which was decided by an 11-1 vote because a non-unanimous jury may render a verdict with only 10 votes.[3] This notion, of course, completely ignores the effect that any one person may have on others.[4] We simply cannot know (and most assuredly not beyond a reasonable doubt) how a different juror, acceptable to the defendant, may have interacted with the other jurors, nor |7can we know how this objected-to juror interacted with them. And it must be recalled and considered that the defendant cannot inquire into, discover, or use information about the jurors’ deliberations. -See La. C.E. art. 606 B.
In my view, we have a clear situation where a person who should not have been in the jury room deliberating did in fact participate, deliberate, and render a verdict. In United States v. Olano, the United States Supreme Court considered the erroneous allowance by the district judge of alternate jurors into the jury’s deliberation room with instructions that the alternates not participate in the deliberations. United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Because the defendants “made no specific showing that the alternate jurors in this case either participated in the jury’s deliberations or ‘chilled’ deliberation by the regular jurors,” the Supreme Court concluded on the record that the violation was not prejudicial. Id. at 739, 113 S.Ct. 1770. Here, to the contrary, we must assume that the objected-to juror, not having been instructed not to participate in deliberations, must have joined in and contributed to the decision to render the verdicts actually rendered.
Thus, I am not persuaded beyond a reasonable doubt the resulting verdicts in this trial were “surely unattributable to the error” of the trial judge in depriving Mr. Lewis of his back-strike peremptory challenge. Sullivan, 508 U.S. at 279, 113 S.Ct. 2078.
Ill
In this Part, I address and distinguish on their dispositive facts several decisions which applied the harmless-error analysis to a peremptory back-strike challenge.[5]
The Taylor court found that the failure of the trial court to allow the defense to “back-strike” a particular juror was harmless error. Taylor, 93-2201, p. 25-26, 669 So.2d at 377-378. Unlike here, the defendant was made aware early in the |8voir dire and challenge process that the trial court would not allow back-striking, but the trial court provisionally allowed one back-strike on the initial panel to cure any confusion. Id. Here, Mr. Lewis had no *1180 warning early on that back-striking would not be permitted and obviously, but reasonably, misunderstood the trial judge’s apparent acquiescence in his reservation of a back-strike challenge. Unlike here, the defense did not identify the objected-to juror until oral arguments in the Supreme Court. Id. Here, the juror was identified to the trial judge before jury selection was concluded. Finally, unlike here, the objected-to juror was in the last panel and nothing prevented the defendant from using his peremptory on her at that time. Id. In summary, none of the factual features of Taylor are present in this case.
Next I consider our decision in State v. Plaisance, 00-1858, pp. 30-34, 811 So.2d at 1193-1196. As in Taylor, in Plaisance the trial court took some curative action by allowing a provisional back-strike when it clarified that it would not allow back-strikes. Id. pp. 31-32, 811 So.2d at 1195. More importantly, we observed in Plai-sance, however, that “[although the record contains a full transcript of the general voir dire, the defendant does not refer to a single juror he would have struck.” Id. p. 31, 811 So.2d at 1194. This again is factually distinguishable from our case.[6]
In State v. Hailey, the defendant did not identify any juror whom he wished to back-strike until the hearing on his motion for new trial. 02-1738, p. 6, 863 So.2d at 567. We concluded that contemporaneous identification of an objected-to juror on back-strike was essential to preserve the back-strike claim for review because otherwise the defense could “gamble upon receiving a favorable jury verdict, and then, upon the return of an unfavorable verdict, scour the voir dire |ntranscript for jurors whom he can claim he would have back-struck.” Id. p. 8, 863 So.2d at 569.
In State v. Stukes, we again observed that “[m]ore importantly, neither at trial, in his motion for new trial, nor in his argument to the court does the appellant specify whom he would have backstruck had he been allowed to do so.” Stukes, 08-1217, p. 20,19 So.3d at 1247.
The distinguishing factual feature of these four decisions is that — unlike Mr. Lewis — the defendants did not identify the objected-to juror until after the jury’s verdict. And Mr. Lewis had no warning until the end of voir dire that the trial judge would not comply with the law and disallow peremptory back-strikes.
IV
In summary, it seems to me, that we should consider the denial of a peremptory back-strike of an identified juror as a structural error and treat it in the same manner as we treat the erroneous denial of a challenge for cause when the defendant must use all of his peremptory challenges. That is, we should presume prejudice which affects a substantial right of the defendant.
In this case, even analyzing the facts under the harmless-error rule, I cannot find beyond a reasonable doubt that the resulting guilty verdicts in this case are surely unattributable to the unlawful participation of the timely identified and objected-to juror in the jury’s deliberations and decisions. Any other result treads dangerously close, and likely violates, Mr. Lewis’ right to have a jury, rather than a *1181 judge (or panel of judges), reach the requisite finding of guilty. See Sullivan, 508 U.S. at 277,113 S.Ct. 2078.
I,therefore, respectfully dissent.

. Citing to Cross, 93-1189, p. 6, 658 So.2d at 686, the Juniors court concluded that to establish "reversible error warranting reversal of a conviction and sentence, defendant need only demonstrate (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges.” But see State v. Reeves, 06-2419, p. 86 n. 188 (La.5/5/09), 11 So.3d 1031, 1086 n. 188, which suggests— apparently erroneously — -that the "overruling” of Cross was "recognized” in Juniors.

. See Batson v. Kentucky, 476 U.S. 79, 100, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (White, J., concurring) (“The court overturns the principal holding in Swain v. Alabama.")

. The majority opinion’s disposition of the count decided by a 10-2 verdict is even less satisfying.

. While fictional, there is nonetheless a real truth in the Henry Fonda character in Twelve Angry Men, a single juror who through force of personality, integrity, and perseverance persuades all of the remaining eleven jurors to change their votes from guilty to not guilty.

.I admittedly ignore considerable obiter dicta in the decisions.

. Another issue in Plaisance was the attempt by the defendant to back-strike "for cause.” As we noted, there is no back-striking "for cause.” See La.C.Cr.P. art. 795 A. Plaisance, 00-1858, p. 31 n. 5, 811 So.2d at 1194 n. 5. We also noted that there was no prejudice about the specific juror identified by the defendant on appeal, because that was the one he wished to back-strike for cause and he had not exhausted his peremptory challenges as required to preserve that for review. Id. p. 32, 811 So.2d at 1195.