511 So.2d 1315 (1987)
William A. LUCKY, III, Plaintiff-Appellant,
v.
Anna Louise Whittington FRICKS, et al., Defendants-Appellees.
No. 18931-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
Writ Denied November 13, 1987.
*1316 James B. Wells & Assoc. by James B. Wells, Bossier City, for plaintiff-appellant.
J. Spencer Hays, Bossier City, for defendants-appellees, Evelyn Deen & Larry Deen.
Before MARVIN, JASPER E. JONES, NORRIS, JJ.
JASPER E. JONES, Judge.
This is an action to recover damages for tortious interference with a contract. The plaintiff is William A. Lucky, III and the defendants are Anna Louise Whittington Fricks, Evelyn Deen and Larry Deen. Plaintiff appeals the trial court judgment sustaining an exception of no cause of action filed by Evelyn and Larry Deen. We affirm.
The factual allegations of plaintiff's petition establish the following sequence of events.
On or about May 31, 1986, Ms. Fricks agreed to sell plaintiff a 309 acre tract of land situated in Bossier Parish. The formal closing was to occur on June 5, 1986. Prior to the closing date, plaintiff discussed the sale with Evelyn Deen and another individual at the Bossier Parish Clerk of Court's office where Ms. Deen was employed. Ms. Deen informed her son, Larry Deen, of the proposed sale between plaintiff and Ms. Fricks and the Deens persuaded Fricks to breach her oral contract with plaintiff and sell the land to Larry Deen.
Plaintiff filed the instant suit alleging intentional and tortious interference by the Deens with the contract to sell between plaintiff and Ms. Fricks. The trial judge sustained the Deens' exception of no cause of action which alleged Louisiana does not recognize a cause of action for the tortious interference with the performance of a contract.
The sole issue on appeal is whether the trial judge erred in finding plaintiff had no cause of action against the Deens for their intentional interference with the contract between plaintiff and Ms. Fricks.
Plaintiff acknowledges the cases which hold there is no cause of action in Louisiana for intentional interference with a contract by one who is not a party to the contract, but argues there is considerable sentiment in Louisiana for permitting such recovery. He relies upon PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984) and Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984) to support his position. Plaintiff further acknowledges lower courts must follow the decisions of the supreme court, but contends we can avoid this obligation by using a duty-risk approach under LSA-C.C. art. 2315. Plaintiff contends Ms. Deen, as an employee of the Bossier Parish Clerk of Court, owed a duty to him to refrain from revealing any business secrets she learned during the course of her employment. He argues Ms. Deen breached this duty by telling her son about the sale and this breach caused him damage in that he was unable to consummate the sale with Ms. Fricks.
The Deens contend plaintiff's original petition alleges he entered into an oral contract to buy immovable property. They argue such a contract is unenforceable under LSA-C.C. art. 2462 and the trial court was, therefore, correct in sustaining their exception of no cause of action. The Deens *1317 further contend that even if an enforceable contract existed between plaintiff and Ms. Fricks, there is no cause of action for their alleged interference with that contract.

Applicable Law
The exception of no cause of action raises the question of whether any remedy is afforded by law. It is triable on the face of the petition, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Haskins v. Clary, 346 So.2d 193 (La. 1977); Evans v. Century Ready Mix Corp., 446 So.2d 860 (La.App.2d Cir.1984); Dier v. Hamilton, 501 So.2d 1059 (La. App.2d Cir.1987).
A party to a contract has no cause of action against one not a party to the contract who induces another party to the contract to breach it. Templeton v. Interstate Electric Co., 37 So.2d 809 (La. 1948); Moss v. Guarisco, 409 So.2d 323 (La.App. 1st Cir.1981), writ den., 412 So.2d 540 (La. 1982); D'Antoni v. D'Antoni, 432 So.2d 926 (La.App. 4th Cir.1983).
Trial courts and courts of appeal are bound to follow the last expression of law of the Louisiana Supreme Court. Pelican State Associates, Inc. v. Winder, 219 So.2d 500 (La. 1969); Moss v. Guarisco, supra; D'Antoni v. D'Antoni, supra.
The allegations of plaintiff's petition, which we accept as true for the purpose of the exception of no cause of action, establish the existence of a contract to buy and sell between plaintiff and Ms. Fricks. The allegations further establish interference with this contract by the Deens who were not parties to it. As the Deens were not parties to the contract, plaintiff has no cause of action against them for inducing Ms. Fricks to breach it and the trial court was correct in sustaining the exception of no cause of action filed by the Deens. Templeton v. Interstate Electric Co., supra.
The time may be ripe to change the rule that there is no cause of action in Louisiana for intentional interference with contracts. PPG Industries, Inc. v. Bean Dredging, supra; Sanborn v. Oceanic Contractors, Inc., supra. We, however, are powerless to make this change. Pelican State Associates, Inc. v. Winder, supra.
For the foregoing reasons, the judgment appealed is affirmed at plaintiff's costs.
AFFIRMED.