907 So.2d 154 (2005)
STATE of Louisiana
v.
Michael Glen DORSEY, Jr.
No. 2004 KA 1358.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*155 Walter P. Reed, District Attorney, Covington, Dorothy Pendergast, Metairie, Counsel for Plaintiff/Appellee State of Louisiana.
Frederick Kroenke, Baton Rouge, Counsel for Defendant/Appellant Michael Glen Dorsey, Jr.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
Defendant, Michael Glen Dorsey, a/k/a Michael Williams, was charged by bill of information with one count of molestation of a juvenile where the offender has control or supervision over the juvenile (count I), a violation of LSA-R.S. 14:81.2, and one count of obstruction of justice (count II), a violation of LSA-R.S. 14:130.1, and pled not guilty. Following a jury trial, on count I, he was found guilty of attempted molestation of a juvenile by influence of control or supervision, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:81.2, and on count II, he was found guilty of attempted obstruction of justice, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:130.1.[1] Defendant *156 moved for a new trial and for post-verdict judgment of acquittal, but the motions were denied. On count I, he was sentenced to five years at hard labor, and on count II, he was sentenced to one year, both sentences to run concurrently.
Thereafter, concerning count I, the State filed a habitual offender bill of information against defendant alleging: on November 12, 1999, defendant pled guilty to simple escape under Twenty-Second Judicial District Court # 296427 (predicate # 1); on November 12, 1999, defendant pled guilty to simple escape under Twenty-Second Judicial District Court # 289430 (predicate # 2); on November 12, 1999, defendant pled guilty to issuing worthless checks under Twenty-Second Judicial District Court # 287085 (predicate # 3); on November 12, 1999, defendant pled guilty to Issuing worthless checks under Twenty-Second Judicial District Court # 206350 (predicate # 4), and, thus, defendant should be sentenced under the habitual offender law, LSA-R.S. 15:529.1.[2]
Following a habitual offender hearing, in regard to count I, defendant was adjudged a fourth felony habitual offender. The trial court vacated the previously imposed sentence and sentenced defendant to twenty years at hard labor. Defendant moved for reconsideration of sentence, but the motion was denied. The habitual offender bill of information set forth identical dates for the dates of the guilty pleas entered in regard to all of the predicate offenses (numbers 1, 2, 3, and 4) alleged against defendant. In the prior appeal opinion, we noted that if the State chose to utilize any of the predicate offenses set forth in the bill of information in advancing a habitual offender conviction against defendant, any clerical errors in stating the dates of the guilty pleas would have to be corrected. The dates set forth failed to support defendant's adjudication and sentence as a fourth offender. See State ex rel. Mims v. Butler, 601 So.2d 649 (La. 1992) (on rehearing). After review, we affirmed the convictions on counts I and II, vacated the habitual offender adjudication and sentence on count I, and affirmed the sentence on count II. See State v. Dorsey, 03-0978 (La.App. 1 Cir. 12/31/03), 864 So.2d 906 (unpublished).
On remand, the trial court found that although the dates of the guilty pleas concerning the predicate offenses were entered on the same date, State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272, questioned the prior Mims decision. The trial court vacated defendant's prior sentence, adjudicated defendant as a fourth felony offender, and imposed the identical sentence as before of twenty years at hard labor with the Department of Public Safety and Corrections as to Count 1, to be served without benefit of probation or suspension of sentence. A Motion to Reconsider Sentence, Motion for Post Verdict Judgment of Acquittal, and Motion for New Trial were subsequently filed and denied.

ASSIGNMENT OF ERROR NUMBER 1
In assignment of error number 1, defendant alleges that the trial court erred in finding him to be a fourth felony offender and sentencing him as such. We note that since the inception of this appeal, changes in the interpretation of the habitual offender statute have taken place regarding the sequencing scheme that had been utilized in the past in our judicial *157 system. Not only did the supreme court in Everett pose questions concerning the sequencing scheme, but in State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568, the supreme court expressly overruled Mims, which held that the amended habitual offender statute did not eliminate the sequencing requirement necessary for enhancement of sentencing under the Habitual Offender Law. In Johnson, the supreme court determined that under the habitual offender statute, multiple convictions obtained on the same date based on unrelated conduct can be counted separately for sentence enhancement, thus, expressly overruling Mims.
Further, in Johnson, the supreme court reiterated the legislative intent of the habitual offender statute.[3] Moreover, the court quoted minutes from the Senate Committee on Judiciary B, stating that the bill introduced "erases the present necessary crime conviction sequence to determine a criminal as a habitual offender." Johnson, 03-2993 at p. 16, 884 So.2d at 578. The supreme court held that Johnson was a fourth felony offender, reasoning that "[t]here is no statutory bar to applying the law in sentencing for more than one conviction obtained on the same date based on unrelated conduct. The statute simply does not contain a sequential conviction requirement." Johnson, 03-2993 at pp. 17-18, 884 So.2d at 578.
In the case before this Court, defendant, Michael Glen Dorsey, has multiple predicate convictions obtained on November 12, 1999, based on what appears to be unrelated conduct. During initial sentencing, the trial court stated, "And the Court is cognizant that the incidents occurred on different dates, although the plea was given on the same date for those." According to the defendant's bill of information for # 296427 (predicate # 1, simple escape), defendant committed this offense on June 26, 1998. Under # 289430 (predicate # 2, simple escape), the date of offense is April 30, 1998. In docket # 287085 (predicate # 3, issuing worthless checks), the dates of offense span from June 22, 1997 to August 31, 1997. Defendant pled guilty under bill # 206350 (predicate # 4, issuing worthless checks) on June 14, 1993, and the date of offense was June 8, 1990. Although defendant pled guilty to three of the aforementioned predicates on the same date, the offenses occurred on different dates and do not appear to be based on related conduct. According to Johnson, these predicate convictions can be counted separately for sentence enhancement as there is no specific sequence requirement. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In assignment of error number 2, defendant contends the trial court erred in imposing an unconstitutionally excessive sentence.
The imposition of an excessive sentence is prohibited by Article 1, section 20 of the Louisiana Constitution. A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Tate, 506 So.2d 546, 552 (La.App. 1 Cir.), writ denied, 511 So.2d 1152 (La.1987). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. State v. Reed, *158 409 So.2d 266, 267 (La.1982). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. Reed, 409 So.2d at 267. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1 Cir.1990).
Louisiana Revised Statute 15:529.1(A)(1)(c) provides, in pertinent part:
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life....
The State filed a habitual offender bill concerning count I, attempted molestation of a juvenile. Louisiana Revised Statute 14:81.2(C) provides:
Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.
Louisiana Revised Statute 14:27(D)(3) provides:
Whoever attempts to commit any crime shall be punished as follows:
. . . .
In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
Because the sentence for attempted molestation of a juvenile is such that, upon a first conviction the defendant would be punishable by imprisonment for any term less than his natural life, his enhanced sentence should be no less than twenty years, which was the sentence imposed in the present case.
Defendant asserts that he had a record, but only for issuing worthless checks, simple escape (which involved failure to appear for community service), and theft. Defendant cites State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993), which states that if a trial court finds that an enhanced punishment mandated by LSA-R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial court has the option and duty to reduce such sentence to one that would not be constitutionally excessive.
In State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676, the Louisiana Supreme Court reexamined the issue of when a downward departure from the mandatory minimum sentence in a habitual offender case is permitted, stating, in pertinent part:
[T]o rebut the presumption that the mandatory minimum sentence is constitutional, *159 the defendant must clearly and convincingly show that: [he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
We find that the sentence imposed is not apparently severe in relation to defendant or the offense committed, and defendant has not specified any unusual circumstances indicating that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Accordingly, this assignment of error is without merit and defendant's sentence is affirmed.
For the above reasons, we affirm defendant's habitual offender adjudication and sentence on Count I.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE ON COUNT I AFFIRMED.
NOTES
[1] The facts of this case are set forth in State v. Dorsey, 03-0978 (La.App. 1 Cir. 12/31/03), 864 So.2d 906 (unpublished).
[2] The habitual offender bill of information contained an incorrect date of the guilty plea in regard to predicate offense # 4.
[3] For a more complete discussion of the supreme court's analysis, see State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568.