930 So.2d 203 (2006)
STATE of Louisiana, Appellee
v.
Nathan WILLIAMS, Appellant.
No. 40,866-KA.
Court of Appeal of Louisiana, Second Circuit.
April 26, 2006.
Rehearing Denied May 18, 2006.
Opinion Dissenting from Denial of Rehearing May 18, 2006.
*204 Louisiana Appellate Project, by Paula Corley Marx, Lafayette, Christopher Albert Aberle, Mandeville, for Appellant.
Nathan Williams, Paul Joseph Carmouche, District Attorney, Ron Christopher Stamps, Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before WILLIAMS, DREW and LOLLEY, JJ. BROWN, C.J., and WILLIAMS, DREW, MOORE, and LOLLEY, JJ.
Rehearing denied.
BROWN, Chief Judge, dissents from the denial of application for rehearing and assigns reasons.
I would grant the state's request for a rehearing for the following reasons.
This court's opinion states that "the three previous convictions arising from guilty pleas entered on the same day should count as only one conviction under the applicable jurisprudence on the date of the commission of the instant offense." (Emphasis added). The date of commission of the offense was August 9, 2003; however, both the trial and sentencing were in 2005. In 2004, the Johnson case was rendered (State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568). The majority opinion applies the rule of State ex rel. Mims v. Butler, supra, which was expressly overturned by Johnson.
In State v. Dorsey, 04-1358 (La.App. 1st Cir.03/24/05), 907 So.2d 154, the defendant's crime was also committed in 2003, and his sentencing as a habitual offender also occurred after the Johnson decision. The Dorsey court stated:
*208 Although defendant pled guilty to three of the aforementioned predicates on the same date, the offenses occurred on different dates and do not appear to be based on related conduct. According to Johnson, these predicate convictions can be counted separately for sentence enhancement as there is no specific sequence requirement.
Id. at 157.
Trial courts and courts of appeal are bound to follow the last expression of law of the Louisiana Supreme Court. Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500 (La.1969); Clomon v. Monroe City School Board, 557 So.2d 1100 (La.App. 2d Cir.1990); Lucky v. Fricks, 511 So.2d 1315 (La.App. 2d Cir.1987), writ denied, 514 So.2d 455 (La.1987); D'Antoni v. D'Antoni, 432 So.2d 926 (La.App. 4th Cir.1983); Moss v. Guarisco, 409 So.2d 323 (La.App. 1st Cir.1981), writ denied, 412 So.2d 540 (La.1982).
As noted by the Fifth Circuit in Abadie v. Metropolitan Life Insurance Co., 00-344 (La.App. 5th Cir.03/28/01), 784 So.2d 46, 78, a products liability case,
[T]he Louisiana Supreme Court did not create new substantive law in Halphen [v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986)]. The court in Halphen merely compiled and interpreted the law with regards to products liability in Louisiana at that time. Justice Dennis, the author of Halphen, held in Hulin v. Fibreboard Corporation [Berry], 178 F.3d 316 (5th Cir.1999), that Halphen applies retroactively. We find his language persuasive. The decisions of a court of last resort are not the law, but only the evidence of what the court thinks is the law.16 The Supreme Court has held that unless a judicial decision specifies otherwise it is given both retrospective and prospective effect.17 A prospectiveonly application of judicial decisions is, in effect, legislating. Under Louisiana's Constitution, the power to make substantive laws is vested in the legislature. La. Const. Art. III, Sect. 1, Art. II, Sect. 2.
16 Construction Materials, Inc. v. American Fidelity Fire Insurance Co., 388 So.2d 365, 367 (La.1980), citing Norton v. Crescent City Ice Manufacturing Co., 178 La. 135, 145 150 So. 855, 858 (1933).
17 Succession of Clivens, 426 So.2d 585, 587 (La.1982).
The majority opinion confuses jurisprudence with statutory provisions. Statutory laws, such as the amendment to La. R.S. 15:529.1 B, do apply prospectively. I would grant the state's application for rehearing to further examine this issue.
DREW, J.
Nathan Williams was convicted at bench trial of armed robbery while armed with a firearm. Adjudicated as a fifth felony offender, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. We affirm the conviction, amend the habitual offender adjudication, and remand for re-sentencing.

FACTS
On August 9, 2003, the night manager at Popeye's Fried Chicken Restaurant was informed by one of her employees that a man had just told her the store was about to be robbed. The manager approached the man, who denied saying anything about a robbery. At that point a tall, slender man whose face and head were covered with bandanas entered the store, brandishing a gun. He then:
*205  forced the employees to open a safe and cash register,
 removed the money and put it in a bag, and then
 herded the employees into the cooler.
About five minutes later, the manager emerged from the cooler and called the police.
Shreveport Police Officer Erick Ardoin responded by driving toward an alley behind Popeye's. A blue Oldsmobile was parked on the street near the alley, and he saw two men walking away from the car. One was carrying a wad of cash.[1] The officer turned on his vehicle's floodlights and ordered them to stop. The man with the cash threw it at the officer. Both men fled. Ardoin apprehended one of the assailants, Eric Jefferson, who was taken to the police station and questioned, eventually implicating his cousin, Nathan Williams, as his accomplice. Officer Ardoin was shown a photograph of Williams, whom he identified as the other suspect.

DISCUSSION

Was the single photo identification illegally suggestive?
Defendant disputes that Ardoin got a good look at the second suspect. The officer's testimony is also attacked as being inconsistent concerning the suspect's clothing.
Officer Ardoin testified that he had a good look at both men and was only shown the photograph of Williams after the other suspect supplied his name and fingered him as the other suspect.
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:64.
If the crime is committed with the use of a firearm, a person can also be charged with La. R.S. 14:64.3, which provides for a sentencing enhancement of an additional five years to be served without benefits and consecutively to the sentence imposed under the provisions of La. R.S. 14:64.
The proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
When a defendant claims that he is not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its *206 burden of proof. State v. Powell, 27,959 (La.App.2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writs denied, 96-1459 (La.11/15/96), 682 So.2d 760, 98-0282 (La.6/26/98), 719 So.2d 1048.
Even if the procedure used in a photographic identification is suggestive, an identification will be admitted if, under the totality of the circumstances, the identification is found to be reliable. State v. Johnson, 33,174 (La.App.2d Cir.5/10/00), 759 So.2d 1052, writ denied, 00-1949 (La.9/21/01), 797 So.2d 60, citing State v. Savage, 24,881 (La.App.2d Cir.6/23/93), 621 So.2d 641, writ denied, 93-2850 (La.9/2/94), 642 So.2d 1282. The factors considered in assessing the reliability of the identification include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of his or her prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the length of time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).
Defendant's motion to suppress the photo identification was properly denied by Judge Jeanette G. Garrett after a full hearing on the motions which revealed that Officer Ardoin:
 saw two black males running behind the business, about 20 feet away,
 turned on his two "take-down lights,"
 clearly saw the two robbers for about five seconds in the well-lit area,
 made the photo I.D. less than an hour after the robbery, and
 was not shown the appellant's photograph by another officer until after the other suspect implicated the appellant.
Judge Michael Pitman presided over the trial, at which the officer's testimony did not materially conflict with the testimony he gave at the motion to suppress hearing. Ardoin again identified Williams as the same person he saw running from the scene of the robbery on the night in question.
The officer's testimony presented no internal contradiction or irreconcilable conflict, and other evidence showed that the abandoned car was registered to the appellant's mother and his girlfriend worked at the restaurant. A gun matching the description of the gun used by the armed robber was found near the car.
The identification of the appellant by the officer via the photograph and the subsequent in-court identification was sufficient evidence to negate any reasonable probability of misidentification. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the state proved, beyond a reasonable doubt, the essential elements necessary to convict the defendant of armed robbery while armed with a firearm.

Was the habitual offender adjudication improper?
Defendant argues, and the state concedes, that the three previous convictions arising from guilty pleas entered on the same day should count as only one conviction under the applicable jurisprudence on the date of the commission of the instant offense. We agree.
The relevant chronology is as follows:
 In State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992), the Louisiana Supreme *207 Court held that convictions entered on the same day were to be counted only as one conviction under the provisions of La. R.S. 15:529.1.
 This record shows that the state listed four prior felonies in the habitual bill of information, three of which arose from guilty pleas entered on October 26, 1998, with those three crimes occurring earlier in 1998.
 In State v. Johnson, 2003-2993 (La.10/19/04), 884 So.2d 568, the court overruled State ex rel. Mims v. Butler, supra, finding that the defendant was subject to sentencing as a fourth offender even though two of his prior convictions had been entered on same date.
 La. R.S. 15:529.1 was amended effective August 15, 2005, now requiring that multiple convictions obtained on the same date only count as one conviction, for multiple offender purposes.
Accordingly the habitual offender adjudication is amended to reflect that this appellant is a third felony offender, and we remanded for re-sentencing as a third felony offender.
The trial court failed to advise the defendant of the time delays set forth in La. C. Cr. P. art. 930.8. At re-sentencing, the trial court should do so.
In summary, the evidence presented at both the motion to suppress hearing and the bench trial supports a finding that the photo identification by the officer was not tainted, and the trial court did not err in denying the motion to suppress. We therefore affirm the conviction.
We amend the habitual offender adjudication to reflect that this appellant is a third felony offender, and we remand for re-sentencing as such.
We further remind the learned trial court to fully explain to the defendant at re-sentencing the ramifications of La. C. Cr. P. art 930.8.

DECREE
The conviction is affirmed. The habitual offender adjudication is amended to categorize the defendant as a third felony offender, and we remand this matter for re-sentencing on that basis.
CONVICTION AFFIRMED, AMENDED IN PART, AND REMANDED.
APPLICATION FOR REHEARING
NOTES
[1] A dead giveaway.